```
            IN THE UNITED STATES DISTRICT COURT FOR
            THE DISTRICT OF MARYLAND, NORTHERN DIVISION
                                *
ERICA CHISHOLM                  *

     Plaintiff,                 *
v.                                    CIVIL NO.: WDQ-05-cv-307
                                *
ANNE ARUNDEL COUNTY,
GOVERNMENT, et al.,             *

     Defendants.                *

*    *    *    *    *    *    *    *    *    *    *    *    *
```

MEMORANDUM OPINION AND ORDER

Erica Chisholm ("Chisholm") sued the Anne Arundel County Government ("Anne Arundel County"), Sergeant Steve McCullen ("McCullen"), Acting Lieutenant Bill Collier ("Collier"), Captain Marpel ("Marpel"), and Officer Matt Trott ("Trott")[1] for unlawful search and arrest in violation of the Fourth Amendment, Section 1983 of Title 42 of the United States Code[2], and the Maryland Declaration of Rights.[3]  Pending is the Defendants' motion for summary judgment.  For the following reasons the motion will be granted.

---

[1] Chisholm also sued Lieutenant Scott Davis ("Davis") and Sergeant Vick Creel ("Creel"), but the claims against Davis and Creel were dismissed with prejudice by this Court on July 18, 2005.

[2] 42 U.S.C. § 1983 (2005).

[3] *See* Md. Dec. of R. art. 24 and art. 25 (2005).

1

I.  Background

On December 13, 2004, Chisholm was arrested by Anne Arundel County Police Officers. Compl. at ¶ 27.  Chisholm alleges that she was arrested pursuant to an invalid warrant obtained by former Anne Arundel County Police Officer John Evans ("Evans"). *Id*. at ¶ 15.

The week before Chisholm's arrest, on December 4, 2004, Chisholm (who was pregnant with Evans' child) and Evans had an argument at the Knights Inn motel, where Chisholm was staying in Laurel, Maryland.  *Id*. at ¶¶ 9, 12.  After Evans left the motel, Chisholm called 911 and allegedly reported that she had been assaulted by an Anne Arundel County Police Officer and requested an ambulance.  *Id*. at ¶ 13.  Chisholm alleges that the 911 operator hung up without providing any assistance.  *Id*.

On December 5, 2004, Evans in his capacity as a police officer, swore out a warrant against Chisholm, for second degree assault and possession of a controlled substance.  *Id*. at ¶ 15; Mot. Summ. J. Ex. G.  On December 6, 2004, McCullen and Collier reviewed the warrant and informed Evans that it was "bad" because Evans had signed the warrant as a police officer, not as an applicant.  *Id*. at ¶ 16.  The Anne Arundel County Police Department ("AACPD") asked the State's Attorney's Office to have the warrant removed from the police system.  *Id*. at ¶¶ 17–18. Trott was directed to prepare a domestic violence report for

Evans about the incident at the motel. Mot. Summ. J. at 7.

On December 10, 2004[4], Evans and Trott were on patrol, in separate vehicles, in the Laurel area. *Id*. Evans telephoned Trott and told him of an outstanding warrant for Chisholm's arrest and informed him where Chisholm was staying. *Id*. Trott went to Chisholm's motel, to arrest Chisholm on the Price George's County warrant. Compl. at ¶¶ 19-21. Chisholm questioned Trott about the warrant because she knew that there was no outstanding warrant for her in Prince George's County; however, there was an outstanding Howard County bench warrant for Chisholm for failing to appear in court on November 23, 2004. *Id*. at ¶ 21; Mot. Summ. J. at Ex. J.

Trott radioed to the AACPD to confirm the warrant number. Compl. at ¶ 21. While waiting for confirmation of the warrant number, Trott allegedly searched Chisholm's motel room, including the dresser drawers, and Chisholm's clothes, pockets and purse. *Id*. at ¶¶ 22-23. Trott received confirmation of the Howard County and Anne Arundel County warrants. Mot. Summ. J. at 8. Chisholm was handcuffed (in front, because she was pregnant) and transported to the AACPD. Compl. at ¶ 25. Chisholm was placed in a holding cell at AACPD before she was transferred to the

---

[4] The parties do not dispute that Trott arrived at Chisholm's motel and Chisholm was subsequently arrested, although Chisholm alleges the events occurred on December 13, 2004, and the Defendants state that the events occurred on December 10, 2004.

3

Howard County Police Department, where she was incarcerated for 17 days.  *Id*. at ¶¶ 29, 33.

On January 21, 2005, Chisholm sent a Local Government Tort Claims Act letter to Linda Schuett, the Anne Arundel County Attorney.  *Id*. at ¶ 34.  On February 2, 2005, Chisholm filed this action.  Chisholm asserts: 1) unreasonable search in violation of the Fourth Amendment; 2) discrimination on the basis of race in violation of Section 1983; 3) violation of the Maryland Declaration of Rights; 4) civil conspiracy; 5) negligence; 6) assault; 7) battery; and 8) intentional infliction of emotional distress and seeks compensatory and punitive damages in the amount of $10 million dollars.

II.  Analysis
A.  Defendants' Motion for Summary Judgment

Summary judgment is appropriate when there is no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law.  In *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986), the Supreme Court explained that, in considering a motion for summary judgment, "the judge's function is not . . . to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial."  A dispute about a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict

4

for the nonmoving party." *Id.* at 248. Thus, "the judge must ask... whether a fair-minded jury could return a verdict for the [nonmoving party] on the evidence presented." *Id.* at 252.

The court must view the facts and the reasonable inferences drawn therefrom "in the light most favorable to the party opposing the motion," *Matsushita Electric Industrial Company v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986), but the opponent must produce evidence upon which a reasonable fact finder could rely. *Celotex Corp. v. Catrett,* 477 U.S. 317 (1986). The existence of a mere "scintilla" of evidence is not sufficient to preclude summary judgment. *Anderson*, 477 U.S. at 252.


B.  Federal Law Claims

   1.  Fourth Amendment

Chisholm argues that Trott violated her Fourth Amendment rights by searching her motel room and person based on an invalid warrant. The Fourth Amendment prohibits unreasonable searches and seizures. U.S. CONST. amend. IV. Warrantless searches are permissible when: (1) based on probable cause; (2) are incident to an arrest; or (3) are inventory searches. *U.S. v. Johnson*, 114 F.3d 435, 439 (4th Cir. 1997). A search incident to a lawful arrest includes the "wingspan" or "lunge area" of the arrestee – i.e., an area within the reach or grasp of the arrestee and in which an arrestee might be able to secure a weapon or destroy

5

evidence. *See Chimel v. California*, 395 U.S. 752, 762-763 (1969); *Stackhouse v. State of Maryland*, 298 Md. 203, 218, 468 A.2d 333, 341 n.2 (Md. 1983). Trott's search of the drawers near Chisholm, and the jacket and pants that she was wearing, were all within Chisholm's wingspan and appropriately searched by Trott incident to Chisholm's arrest. *See* Mot. Summ. J. Ex. E at No. 19; Ex. I at 7-9, 25-26, 30-31, 34.

Chisholm contends that the search and arrest were illegal because Trott lacked probable cause because the Anne Arundel County warrant had been improperly secured by Evans. However, Chisholm has not contested the validity of the Howard County arrest warrant. At her deposition, Chisholm conceded that there was an outstanding Howard County arrest warrant for her on the day she was arrested by Trott. *See* Mot. Summ. J. Ex. C at 88-89. Furthermore, Trott had been informed of the Howard County arrest warrant for Chisholm.

When Chisholm arrived at AACPD, she was not fingerprinted or processed because she had been arrested on the Howard County warrant. Opp. Mot. at 4; Ex. A at 6. Chisholm was held at AACPD until she was transferred to Howard County that day; there she was processed and incarcerated on the Howard County warrant. Accordingly, the search incident to Chisholm's arrest did not offend the Fourth Amendment.

6

   2.  Section 1983

Chisholm argues that McCullen, Collier, Marpel, and Trott violated Section 1983 by depriving her of her due process rights under the Fourteenth Amendment by arresting her on an invalid warrant.  To state a claim under Section 1983, two elements must be pled: (1) deprivation of a federal right; (2) under color of state law.  *See Curebelo v. Pendergraph*, 124 Fed. Appx. 162 (4th Cir. 2005); *Enweremadu v. Reichlin*, No. 92-1845, 1993 U.S. App. Lexis 20920 at *10 (4th Cir. 1993); *Savina v. Gebhart*, 497 F. Supp. 65, 66 (D. Md. 1980).  Chisholm contends that her arrest was based on the Anne Arundel County warrant, which was still active in the police system at the time of her arrest.[5]  As discussed above, the valid Howard County warrant was the basis for her arrest.  Chisholm has not established the deprivation of a federal right; therefore, her Section 1983 claim fails.

C.  State Law Claims

   1.  Maryland Declaration of Rights

Chisholm argues that Anne Arundel County and Trott violated her rights under Articles 24 and 25 of the Maryland Declaration of Rights by illegally seizing and detaining her without probable

---

[5] Although a booking officer believed that the invalid warrant was the basis of Chisholm's arrest, that belief is an insufficient basis for invalidating the arrest and does not negate the probable cause for arrest pursuant to a valid warrant.

7

cause. Article 24 guarantees the same rights as the Fourteenth Amendment of the U.S. Constitution. *Pittsenberger v. Pittsenberger*, 287 Md. 20, 27, 410 A.2d 1052, 1056 (Md. 1980). As Chisholm has failed to establish a due process violation under the Fourteenth Amendment, her claims under Article 24 of the Maryland Declaration of Rights also fail.

Article 25 provides the same rights as the Eighth Amendment of the U.S. Constitution. *Aravanis v. Somerset County*, 339 Md. 644, 656-657, 664 A.2d 888, 893-894 (Md. 1995). Article 25 and the Eighth Amendment prohibit excessive bail, fines and punishment, none of which has been alleged by Chisholm. *See U.S. v. Campbell*, 621 F. Supp. 987, 989 (D. Md. 1985)(detention does not implicate the Eighth Amendment). Accordingly, Chisholm's claim under Article 25 of the Maryland Declaration of Rights also fails.

2. Negligence

Chisholm has brought two counts of negligence. Count V alleges negligence against McCullen, Collier, Marpel, and Anne Arundel County for executing an invalid warrant. Count VI alleges negligence against Anne Arundel County regarding the 911 call placed by Chisholm on December 4, 2004. The elements of a claim of negligence are: (1) duty of defendant to protect plaintiff from injury; (2) breach of that duty; (3) an injury

proximately caused by the breach; and (4) damages. *Beckwith v. Hart*, 263 F. Supp. 2d 1018, 1022 (D. Md. 2003). A plaintiff's contributory negligence acts as a complete bar to recovery under Maryland law. *Stanley Martin Companies, Inc. v. Universal Forest Products Shoffner LLC*, 296 F. Supp. 2d 606, 622 (D. Md. 2005). Although the question of contributory negligence is usually decided as a matter of fact, it becomes a matter of law when "reasonable minds could not differ on the outcome." *Id*.

(a) The Warrants

Chisholm's claim of negligent arrest under the Anne Arundel County warrant is barred by her own contributory negligence in failing to appear in court, which resulted in the issuance of a bench warrant in Howard County.

(b) The 911 Call

Chisholm argues that the 911 operator did not send assistance and hung up the telephone before the end of the call. Although Chisholm has made allegations about the 911 call, the burden of proving contributory negligence rests on Anne Arundel County. *Stanley Martin*, 396 F. Supp. 2d at 622. Anne Arundel County reviewed the audiotapes of the December 4, 2004 911 calls and located only one call from Chisholm. *See* Mot. Summ. J. Ex. A. The transcript of the 911 call confirms that Chisholm stated the call was "not a real emergency" and Chisholm ended the call by stating "never mind" and hanging up. *Id*. The authenticity of

9

this transcript has been attested to by the Police Records Manager of the AACPD.  *Id*. at Ex. F.

Although Chisholm questions whether the transcript is of her 911 call, after adequate time for discovery she has failed to produce evidence countering the completeness or the accuracy of the transcript.  Despite discovery requests and deposition questioning, Chisholm has not identified the cell phone owner (beyond the name "Sidney") or the cell phone number from which she called 911.  Chisholm has failed to establish any negligence by Anne Arundel County, and furthermore, Chisholm's actions during the 911 call bar her claims under the doctrine of contributory negligence.

    3.   Assault and Battery

Chisholm contends that Trott is liable for assault and battery for searching her person and handcuffing her when she was arrested.  It is well established under Maryland law that a law enforcement officer is not liable for assault and battery when the conduct is performed during the course of his official duties, unless he acted with actual malice toward the plaintiff. *Curtis v. Pracht*, 202 F. Supp. 2d 406, 418 (D. Md. 2002); *Tinch v. U.S.*, 189 F. Supp. 2d 313, 318 (D. Md. 2002); *Rich v. U.S.*, 158 F. Supp. 2d 619, 629 (D. Md. 2001); *Goehring v. U.S.*, 870 F. Supp. 106, 108 (D. Md. 1994).  The mere assertion that an act was done maliciously is not sufficient.  *Rich*, 158 F. Supp. 2d at

10

629. Trott was acting within his official police duties when he searched, handcuffed and arrested Chisholm. Chisholm has not established any malicious acts performed by Trott, therefore, her claims of assault and battery fail.

4.   Intentional Infliction of Emotional Distress

Chisholm contends that Trott's conduct caused her extreme emotional distress. The elements of a claim for intentional infliction of emotional distress are: (1) intentional or reckless conduct; (2) that is extreme and outrageous; (3) a causal connection between the wrongful conduct; and (4) the distress must be severe. *Gantt v. Security, USA, Inc.*, 356 F.3d 547, 552 (4th Cir. 2004). The defendant must have known or been substantially certain that severe emotional distress would result from the conduct, or acted recklessly in deliberate disregard of a high degree of probability that emotional distress would follow. *Id*. at 553. A claim of intentional infliction of emotional distress requires conduct that had a "'truly devastating effect...so acute that no reasonable person could be expected to endure it.'" *Rich*, 158 F. Supp. 2d at 630 (*quoting Pemberton v. Bethlehem Steel Corp.*, 66 Md. App. 133, 161, 502 A.2d 1101, 1115 (Md. Ct. Spec. App. 1986). Chisholm has not pled or proven sufficient facts to show that Trott's conduct was extreme or outrageous; she has also not shown that she suffered severe emotional distress. Thus, her claim of intentional

11

infliction of emotional distress fails.

    5.   Civil Conspiracy

Chisholm argues that McCullen, Collier, Marpel, and Anne Arundel County conspired to cover up Chisholm's arrest, claiming that the arrest was made on the basis of the Anne Arundel County warrant and not the Howard County warrant.  Chisholm contends that the failure to have the Anne Arundel County warrant withdrawn from the police system constitutes a conspiracy of silence by the above named Defendants.  Maryland does not recognize civil conspiracy as an independent cause of action in the absence of other tortious injury to the plaintiff. *Deckelbaum v. Cooter, Mangold, Tompert & Chapman*, 292 B.R. 536, 541 (D. Md. 2003).  Chisholm has failed to establish her other claims, therefore, her claim of civil conspiracy also fails.


CONCLUSION

For the reasons discussed above, Defendants' motion for summary judgment will be granted.


<u>January 4, 2006</u>                              <u>       /s/                  </u>

Date                                  William D. Quarles Jr.
                                      United States District Judge